Not For Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Henry R. Ortiz,<br><br>        Plaintiff,<br><br>        v.<br><br>Regina Schmidt,<br><br>        Defendant. | Civil Action No. 10-5403 (SRC)(MAS)<br><br>**OPINION AND ORDER** |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Henry R. Ortiz's ("Plaintiff") informal Application for *Pro Bono* Counsel. (Doc. No. 2 ("*Pro Bono* App.").) For the reasons stated below, Plaintiff's application is DENIED without prejudice.

## II. BACKGROUND

Plaintiff alleges that Defendant Regina Schmidt ("Defendant") improperly intervened in the divorce proceedings between Plaintiff and Defendant's daughter, Margaret A. Schmidt ("Plaintiff's ex-wife"). (Doc. No. 1 ("Compl.") 1.) As a result of Defendant's intervention, Plaintiff claims that the proceeds from the sale of the home co-owned by Plaintiff, Plaintiff's ex-wife and Defendant were improperly awarded to the Defendant and Plaintiff's ex-wife. (*Id.*) Plaintiff claims $150,000 damages. (*Id.* at 2.) Plaintiff further notes that he has since declared Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of New Jersey. (*Id.*)

According to Plaintiff, he was unable to retain counsel to appeal the state court's decision. (*Id.*) As such, Plaintiff filed the current lawsuit and now seeks *pro bono* counsel.

### III. LEGAL DISCUSSION

Under 28 U.S.C. § 1915(e)(1), this Court "may request an attorney to represent any person unable to afford counsel." Indigent parties asserting civil rights claims, however, have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the Plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the Plaintiff's claim has some merit, then the court should consider the following factors:

(1) the Plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the Plaintiff can attain and afford counsel on his own behalf.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron, supra*, 6 F.3d at 157).

An analysis of the *Tabron* factors in this case reveals that appointment of *pro bono* counsel is not appropriate at this stage of the proceedings. Preliminarily, it is questionable whether

2

Plaintiff's claims have any merit in fact or law, as the Complaint only includes a brief summary of the allegations and the Complaint seems to include legal issues that may already have been adjudicated in state court. Regardless, the Court finds that appointment of *pro bono* counsel is unnecessary, as Plaintiff appears able to articulate his legal claims and position, as indicated in his Complaint and *Pro Bono* Application. Moreover, the legal issues underlying Plaintiff's Complaint, although not very detailed, appear to be straightforward and well-understood by Plaintiff. The Court is confident that Plaintiff is capable of proceeding *pro se* and understands the nature of his claims and the underlying facts and circumstances, as evidenced by his commencement of this lawsuit, as well as his state and bankruptcy filings.

As to the third *Tabron* factor, while a factual investigation will be necessary for discovery purposes, the Court is unaware of any hindrances to Plaintiff's ability to obtain the necessary fact discovery. The Court notes that any factual investigation needed for Plaintiff's claims and damages appears to be straightforward and will require only standard discovery requests. In fact, Plaintiff has demonstrated sufficient knowledge about his case, and this will guide him in composing any such relevant questions, interrogatories and discovery requests. Moreover, as Plaintiff's claims are related to the state court proceedings, it is likely that a substantial amount of the fact discovery is already in Plaintiff's possession. Therefore, the Court is satisfied that Plaintiff will be able to properly pursue a factual investigation without the assistance of *pro bono* counsel.

As for whether the case will turn on credibility determinations, this Court finds that credibility concerns do not provide a basis for appointing *pro bono* counsel at this time. Likewise, regarding expert discovery, this Court finds that Plaintiff has failed to demonstrate a necessity for expert testimony that would rise to the level necessary to appoint *pro bono* counsel. Indeed, it

appears as though expert discovery will be unnecessary altogether, as the legal claims asserted by Plaintiff are not of the nature that would require same. Accordingly, this Court finds that Plaintiff has failed to satisfy the fourth and fifth *Tabron* factors.

Finally, this Court must assess whether Plaintiff can obtain and afford counsel on his own behalf. Plaintiff has recently filed for bankruptcy and, as such, asserts that he lacks the funds to retain counsel. According to his *Pro Bono* Application, Plaintiff indicates that he attempted to acquire counsel, but representation was denied because he did not have the $10,000 retainer fee requested by prospective counsel. However, Plaintiff failed to indicate whether he is currently employed, whether he has other sources of income and/or whether he has sought counsel from alternative sources, such as nonprofit organizations. Regardless, while this Court finds that this final *Tabron* factor may weigh in favor of appointment of *pro bono* counsel, it does not outweigh the other factors discussed in this Opinion and Order.

**ORDER**

Based on the foregoing, and for good cause shown, it is on this **24**[th] day of **January, 2011, ORDERED** that Plaintiff Henry R. Ortiz's Application for *Pro Bono* Counsel is DENIED without prejudice.

_____
**Michael A. Shipp**
**UNITED STATES MAGISTRATE JUDGE**